UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WOMETCO PR DE PUERTO RICO, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BASKIN-ROBBINS FRANCHISING LLC, DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, and John Does A-Z**<br><br>Defendants. | **CASE NO. 14-CV-1172 (CCC)**<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff WOMETCO DE PUERTO RICO, INC. ("Wometco PR") sues Defendants BASKIN-ROBBINS FRANCHISING LLC ("B-R LLC"), DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC ("DD LLC"), DD IP HOLDER LLC ("DD IP Holder"), and John Does A-Z. B-R LLC, DD LLC and DD IP Holder are hereinafter collectively referred to as the "Dunkin' Defendants".

### NATURE OF THE ACTION

1. Wometco PR is the exclusive dealer in Puerto Rico of Baskin-Robbins and Dunkin' Donuts products, and operates all of the Baskin-Robbins and Baskin-Robbins/Dunkin' Donuts co-branding stores in the territory. This action stems from the Dunkin' Defendants' unjustified termination and impairment of Wometco PR's dealership relationship, in violation of Puerto Rico's Dealer's Act, P.R. Laws Ann. tit. 10, §§ 268 *et seq.* ("Law 75"), a special legislation protecting Puerto Rico dealers as a matter of public policy. Through this Complaint,

Wometco PR seeks damages, as well as injunctive and declaratory relief in light of Defendants' illegal conduct. Among other things, Defendants' conduct has had a substantial and detrimental effect upon an established distribution enterprise in the Puerto Rican market of almost four decades, threatening the survival of that enterprise and the employment of approximately 500 employees in a time where the island is experiencing dire economic conditions.

2.      Wometco PR seeks an order to enjoin Defendants DD LLC and DD IP Holder from pursuing an arbitration initiated by them against Wometco PR because, among other things, there is no arbitration agreement between Wometco PR and those Defendants.  Consequently, Wometco PR is entitled to have any and all disputes with those Defendants resolved in a court of law.

3.      Wometco PR also seeks damages against John Does A-Z for having tortiously interfered with Wometco PR's rights.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.      Venue in this Court is proper under 28 U.S.C. § 1391(a)(2), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

6.      Plaintiff Wometco PR is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in Guaynabo, Puerto Rico. Wometco PR is B-R LLC's sole distributor in the Puerto Rico market, and has been so for almost four decades.  Since 2001, Wometco PR has also been in charge of the development of Dunkin' Donuts products in Puerto Rico.

7. Wometco Donas, Inc. ("Wometco Donas") is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in Puerto Rico. Wometco Donas is engaged in the business of manufacturing donuts, which it sells to Wometco PR. Wometco Donas is not involved in the operation of Wometco PR's stores or the development of the market for Baskin-Robbins or Dunkin' Donuts products. Wometco Donas once entered into a franchise agreement with DD LLC; however, the franchise agreement was never put into effect, followed and/or enforced by any of the parties to that agreement.

8. Defendant B-R LLC is a Delaware limited liability company with its principal place of business in Canton, Massachusetts. B-R LLC, on its behalf and/or on behalf of its affiliated entities, engages independent business entities such as Wometco PR to develop, operate and expand the market for Baskin-Robbins products.

9. Defendant DD LLC, successor-in-interest of Dunkin' Donuts Inc., is a Delaware limited liability company with its principal place of business in Canton, Massachusetts. DD LLC, on its behalf and/or on behalf of its affiliated entities, also engages independent business entities to develop, operate and expand the market for Dunkin' Donuts products.

10. Defendant DD IP Holder is a Delaware limited liability company with its principal place of business in Canton, Massachusetts. DD IP Holder is the owner of the "Dunkin' Donuts" trademark and other related marks.

11. Upon information and belief, Dunkin' Brands, Inc. ("Dunkin' Brands") is the ultimate parent of the Dunkin' Defendants and is in charge —directly and/or through persons or entities under its control— of the entire Baskin-Robbins and Dunkin' Donuts enterprise (the "Dunkin' Enterprise"). Upon information and belief, Dunkin' Brands— directly and/or through persons or entities under its control— has acted as agent of B-R LLC and DD LLC in connection with the allegations made herein.

3

12.     John Does A-Z are citizens of a state or states outside of the Commonwealth of Puerto Rico.  John Does A-Z knowingly, intentionally and tortiously interfered with Wometco PR's business relationships with the Dunkin' Defendants.

## FACTS

### A. *Wometco PR Becomes the Exclusive Dealer for Baskin-Robbins and Dunkin' Donuts Products in Puerto Rico*

13.     Wometco PR has *de facto* been the exclusive dealer of Baskin-Robbins products in the Commonwealth of Puerto Rico for over 37 years. During that time, Wometco PR has continuously operated all of the Baskin-Robbins stores in Puerto Rico, developing and expanding a successful market for Baskin-Robbins' products on the island.

14.     At some point shortly before 2001, individuals affiliated with the Dunkin' Enterprise approached Wometco PR to offer it the dealership of Dunkin' Donuts products in the Puerto Rico market. These people explained to Wometco PR that one of the principal reasons for the offer was Wometco PR's success in developing the Baskin-Robbins market in Puerto Rico.

15.     Wometco PR agreed and, since about 2001, has been effectively and actually in charge of the Dunkin' Donuts market in Puerto Rico in an exclusive fashion.[1]

16.     Wometco PR never entered into a written agreement governing the operation of the Dunkin' Donuts market in Puerto Rico. While there is an agreement between Wometco Donas and DD LLC (the "Wometco Donas Agreement"), Wometco PR is not a party to that agreement, nor is Wometco PR developing the Dunkin' Donuts market in Puerto Rico as an agent of Wometco Donas. At all times, Wometco PR has been acting on its own behalf in the marketing and sale of Dunkin' Donuts products in Puerto Rico.

---

[1] Initially, Wometco PR's dealership of Dunkin' Donuts products was not exclusive, as there was at the time another Dunkin' Donuts dealer with a 3-store operation in Puerto Rico. However, by the end of 2003, Wometco PR effectively became the exclusive Dunkin' Donuts dealer in the territory.  Since then, Wometco PR has substantially expanded the market and goodwill of the Dunkin' Donuts products in Puerto Rico.

17. Wometco PR is currently operating all of the 45 Baskin-Robbins stores in Puerto Rico and has one under construction, which would bring the total to 46 stores by the mid-2014. Of these 45 stores, 18 are what the Dunkin' Defendants call "Combo Units." In each Combo Unit, Wometco PR sells Dunkin' Donuts products together with Baskin-Robbins products.

18. This co-branding of Baskin-Robbins and Dunkin' Donuts products has allowed Wometco PR to, among other things, increase the customer base and corresponding sales for *both* products, as well as gain operational advantages for the benefit of *both* markets, of which the Dunkin' Defendants and Dunkin' Brands are fully aware.

19. Wometco PR assumes full risk of the inventory for *both* the Baskin-Robbins and Dunkin' Donuts lines of products, which it keeps in its stores and, in the case of Baskin-Robbins ice cream, in either its stores or its agent's facilities for eventual resale in its stores. Moreover, Wometco PR is in charge of promoting, advertising and concluding sales contracts for both Baskin-Robbins and Dunkin' Donuts products at its stores in Puerto Rico.

20. As a direct result of Wometco PR's significant efforts and investment, Baskin-Robbins and Dunkin' Donuts have become very well-known brands in Puerto Rico with a significant goodwill and market presence on the island.

### B. The B-R LLC Written Agreement

21. On or about November 1, 2009 —more than three decades after Wometco PR took charge of the Baskin-Robbins market in Puerto Rico— B-R LLC and Wometco PR executed a "Master Franchise and Development Agreement," which was meant to settle and compromise certain differences that the parties had at the time. In or about August 2011, the parties then entered into a "First Amendment to the Master Franchise and Development Agreement." The "Master Franchise and Development Agreement," *as amended*, is hereinafter referred to as the "B-R Agreement".

22. The B-R Agreement clearly and unambiguously reflects what has been the reality for almost four decades: that Wometco PR has exclusively and single-handedly developed the market for Baskin-Robbins products in Puerto Rico. For example, the Agreement provides that Wometco PR "was the original and has been the sole franchisee of the Baskin-Robbins brand in" Puerto Rico. DE 1-1, at 1; *see also id.* (B-R LLC acknowledges in 2009 that, "due to more than 33 years of continuous experience[, Wometco PR] has developed a successful Baskin-Robbins operation in" Puerto Rico).

23. The B-R Agreement imposes upon Wometco PR certain goals and rules of conduct. For instance, the B-R Agreement requires the development and operation of Baskin-Robbins stores in Puerto Rico according to a "Development Schedule."

### C. *The Defendants Collude To Violate Wometco PR's Law 75 Rights*

24. Since 2006, Puerto Rico has been in an economic recession that has affected the Puerto Rican economy across the board, without showing any signs of improvement. The recession has seriously affected retail sales on the island, and the Baskin-Robbins stores and Combo Units in Puerto Rico have not been immune to this economic downturn.

25. In March and May of 2012, Wometco PR closed two Baskin-Robbins stores that were losing money. Because the Agreement provides that "[i]f [Wometco PR] close[s] a store, [it] must open a replacement Store within 12 months in addition to [its] requirement to develop New Stores," DE 1-1, at Ex. A, ¶ I, Wometco PR opened the replacement stores, despite the local market difficulties.

26. The economic realities of the local market, however, have hindered Wometco PR's efforts to maintain the total number of stores per the quota established under the B-R Agreement. In response, B-R LLC has assumed the position that Wometco PR is not compliant

with the store development quota and has essentially suggested that it would terminate the B-R Agreement.

27. Despite being aware of the realities facing all Puerto Rican businesses, including Wometco PR, the Dunkin' Defendants have colluded and taken steps that are in violation of Puerto Rico law and that are causing or are just about to cause significant and irreparable damage to Wometco PR.

28. Based on recent developments, it has become obvious that the Dunkin' Defendants have orchestrated a scheme to destroy Wometco PR's four-decade operation on the island and put at serious risk the livelihood of Wometco PR's employees.

29. As part of this concerted scheme, in January 2014, DD LLC unlawfully terminated Wometco PR's Dunkin' Donuts dealership, demanding that Wometco PR cease selling Dunkin' Donuts products and using the Dunkin' Donuts marks in commerce.

30. Shortly thereafter, and also as part of the scheme, DD LLC and its affiliated entity DD IP Holder filed an injunction complaint against Wometco PR and Wometco Donas in the U.S. District Court for the District of Massachusetts seeking to enjoin Wometco PR and Wometco Donas from using the Dunkin' Donuts marks in commerce.

31. DD LLC and DD IP Holder filed the lawsuit in the U.S. District Court for the District of Massachusetts notwithstanding that they were well aware of each of the following: (a) Law 75 and the protections afforded to Wometco PR under the Law, (b) the first and previously filed action was commenced by Wometco PR before this Court in 2012,[2] (c) Wometco PR is not a party to the Wometco Donas Agreement under which they initiated the Massachusetts action, and (d) _none_ of the signatory parties to the Wometco Donas Agreement have ever put into effect, followed or enforced that Agreement.

---

[2] The lawsuit filed by Wometco PR was voluntarily withdrawn *without prejudice* as a result of certain discussions among the parties to that lawsuit to try to resolve their differences.

32. The Dunkin' Defendants' scheme has also included the implementation of a strategy that would significantly impair Wometco PR's dealership of Baskin-Robbins products. As the Dunkin' Defendants are well aware, the survival of the Combo Units, and indeed of the entire Baskin-Robbins operation by Wometco PR, is now significantly threatened as a direct result of the Dunkin' Defendants' willful and ill-intended efforts to interfere with Wometco PR's ability to sell Dunkin' Donuts products in the Combo Units.

### D. *Improper Arbitration Proceedings against Wometco PR*

33. Also as part of the scheme, and allegedly based on the breach of the Wometco Donas Agreement, DD LLC and DD IP Holder commenced arbitration proceedings against Wometco PR and Wometco Donas. However, Wometco PR has never agreed to arbitrate any issue with DD LLC or DD IP, much less entered into any arbitration agreement with these defendants.

34. Consequently, DD LLC's and DD IP Holder's attempt to force Wometco PR to arbitration violates Law 75, as well as federal arbitration law.

### E. *Damages*

35. As a result of the illegal actions mentioned in this Amended Complaint, Wometco PR has began to suffer significant damages that will increase exponentially if the defendants do not immediately cease to violate Wometco PR's rights under Puerto Rico law. Should this matter go to trial, Wometco PR estimates that it will be entitled to recover over FIFTEEN MILLION DOLLARS ($15,000,000) in damages from the Defendants.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT**
**(Baskin-Robbins)**

36. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

37. The Declaratory Judgment Act provides in part that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

38. Among other things, and in no small part because of the economic realities of the Puerto Rico market, neither B-R LLC nor its agents can take any adverse action against Wometco PR for not meeting the quota of new stores contemplated under the B-R Agreement because to do so infringes upon Wometco PR's rights under Law 75.

39. However, Wometco PR and B-R LLC disagree as to what B-R LLC and its agents cannot do in light of the imposed quota and Wometco PR's rights under Law 75.

40. Consequently, a justiciable controversy has arisen between Wometco PR and B-R LLC concerning the parties' relationship and whether B-R LLC is entitled to take any adverse action against Wometco PR for not meeting the quota of new stores contemplated under the B-R Agreement.

41. Therefore, Wometco PR respectfully requests that the Court enter a judgment that declares that B-R LLC is *not* entitled to take any adverse action against Wometco PR for not meeting the quota of new stores contemplated under the B-R Agreement.

## SECOND CAUSE OF ACTION
## DAMAGES UNDER LAW 75
## (Dunkin' Donuts)

42. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

43. As a dealer under Law 75, Wometco PR has actually and effectively been exclusively in charge of the market for Dunkin' Donuts products in Puerto Rico for over a decade.

9

44. Notwithstanding, DD LLC—directly and with the help of others—violated Wometco PR's Law 75 rights by, among other things, (a) terminating *without just cause* Wometco's distribution rights, and (b) demanding (also without just cause) that Wometco PR cease to sell Dunkin' Donuts products in Puerto Rico or use the Dunkin' Donuts marks in commerce.

45. DD LLC's unilateral and unjustified acts have caused and/or will cause Wometco PR to suffer significant economic damages consisting of, among other things, loss of a future income and profits.

46. Wometco PR's damages and loss of good will resulting from DD LLC's conduct are estimated to exceed FIFTEEN MILLION DOLLARS ($15,000,000), all of which Wometco PR is entitled to recover from DD LLC's and its co-conspirators.

## THIRD CAUSE OF ACTION
## DAMAGES UNDER LAW 75
## (Baskin-Robbins)

47. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

48. B-R LLC—directly and through agents— violated Wometco PR's rights under Law 75 by, among other things, interfering—with the assistance of the other defendants— with Wometco PR's ability to successfully operate the Combo Units.

49. As a result of B-R LLC's actions, Wometco PR's ability to successfully sell Baskin-Robbins products has been materially impaired and Wometco PR is at risk of losing all 18 stores, thereby being forced to reduce its total number of Baskin-Robbins stores in Puerto Rico by at least 18 stores.

50. As a result of B-R LLC's unilateral and unjustified acts, targeted in part to impair and interfere with Wometco PR's operations of the Baskin-Robbins stores, Wometco PR will

suffer damages (including loss profits) which are estimated to exceed TWELVE MILLION DOLLARS ($12,000,000).

51. Wometco PR is entitled to recover from B-R LLC all of the damages suffered by Wometco PR as a result of B-R LLC's intentional impairment of Wometco PR's Baskin-Robbins operations in Puerto Rico.

### FOURTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE
### (Baskin-Robbins Operations)

52. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

53. Wometco PR and B-R LLC have a pre-existing contractual relationship regarding the sale of Baskin-Robbins products in Puerto Rico, and all defendants are fully aware of this contractual relationship.

54. Notwithstanding, all of the non B-R LLC defendants have intentionally and in bad faith interfered with Wometco PR's Baskin-Robbins' operations in Puerto Rico and contractual relationship with B-R LLC.

55. For example, in part with the intent of interfering with this relationship and the success of Wometco PR's Baskin-Robbins operations at the Combo Units, the mentioned defendants have colluded to cause the unlawful and unjustified termination of Wometco PR's right to sell Dunkin' Donuts products.

56. The mentioned defendants' intentional and ill-intended interference will cause damages to Wometco PR that are estimated to exceed TWELVE MILLION DOLLARS ($12,000,000).

57. At all times, the damages mentioned above have been foreseeable to all of the defendants.

58. Consequently, Wometco PR is entitled to recover from each of the defendants that tortiously interfered with Wometco PR's contractual relationships all damages suffered by Wometco PR.

59. To make matters more egregious, and considering the current economic crisis in Puerto Rico, defendants actions, if not enjoined, will cause irreparable harm to a significant number of Wometco PR's employees in Puerto Rico, something which has been specifically brought to the attention of the Dunkin' Defendants.

60. Regrettably, these Dunkin' Defendants simply did not care about the consequences of their actions to the people in Puerto Rico.

## **FIFTH CAUSE OF ACTION**
## **TORTIOUS INTERFERENCE**
## **(Dunkin' Donuts Operations)**

61. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

62. Wometco PR and DD LLC have a pre-existing contractual relationship regarding the sale of Dunkin' Donuts products in Puerto Rico, and all defendants are fully aware of this.

63. Notwithstanding, all of the non DD LLC defendants have intentionally and in bad faith interfered with Wometco PR's Dunkin' Donuts operations in Puerto Rico and contractual relationship with DD LLC.

64. For example, the mentioned defendants have colluded to cause the unlawful and unjustified termination of Wometco PR's right to sell Dunkin' Donuts products.

65. The mentioned defendants' intentional and ill-intended interference will cause damages to Wometco PR that are estimated to exceed THREE MILLION DOLLARS ($3,000,000).

66. At all times, the damages mentioned above have been foreseeable to all of the defendants.

67. Consequently, Wometco PR is entitled to recover from each of the defendants that tortiously interfered with Wometco PR's contractual relationships all damages suffered by Wometco PR.

68. To make matters more egregious, and considering the current economic crisis in Puerto Rico, defendants actions, if not enjoined, will cause irreparable harm to a significant number of Wometco PR's employees in Puerto Rico, something which has been specifically brought to the attention of the Dunkin' Defendants.

69. Regrettably, these Dunkin' Defendants simply did not care about the consequences of their actions to the people in Puerto Rico.

## SIXTH CAUSE OF ACTION
## DECLARATORY JUDGMENT AND INJUNCTION REGARDING ARBITRATION

70. Wometco PR incorporates by reference paragraphs 1 through 35, *supra*.

71. Under federal arbitration law, Wometco PR is entitled to have the Court issue a declaration regarding the validity and enforceability of the agreement to arbitrate in the Wometco Donas Agreement and whether the dispute in the arbitration initiated by DD LLC and DD IP Holder falls within the scope of that agreement to arbitrate. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. __, 130 S.Ct. 2772, 2777, 177 L.Ed.2d 403 (2010) (it is for the courts to determine gateway issues of arbitrability, including the validity and enforceability of the agreement to arbitrate and its scope).

72. Moreover, under Puerto Rico law, before an agreement to arbitrate a controversy arising under a dealer's contract "may be invoked or made effective, it shall be an indispensable requirement before said controversy may be submitted to arbitration, at the request of any of the parties, that a court with jurisdiction in Puerto Rico determine that said clause or arbitration agreement was subscribed freely and voluntarily by both parties." P.R. Laws Ann. tit. 10, § 278b-3.

73. Wometco PR therefore requests that the Court issue a judgment declaring that the agreement to arbitrate in the Wometco Donas Agreement is invalid and unenforceable because, among other things, (a) Wometco PR is not a party to the Wometco Donas Agreement, (b) Wometco PR never agreed to arbitrate any issue with DD LLC and DD IP Holder, and (c) the agreement violates the public policy set forth under Law 75 by referring to the application of the laws of the Commonwealth of Massachusetts. P.R. Laws Ann. tit. 10, § 278b-2. Alternatively, Wometco PR requests that the Court issue a judgment declaring that (d) the dispute asserted by DD LLC and DD IP Holder in the arbitration does not come within the scope of the agreement to arbitrate in the Wometco Donas Agreement.

74. Consequently, Wometco PR also requests the Court to issue an order enjoining DD LLC and DD IP Holder from arbitrating their dispute.

## JURY TRIAL DEMANDED

75. Wometco PR invokes its right to a jury trial.

WHEREFORE, Wometco PR respectfully requests from this Honorable Court that judgment be entered:

   a. Declaring that (i) Wometco PR is not in breach of the B-R Agreement, and (ii) B-R LLC does not have just cause to terminate or impair Wometco PR's rights to distribute Baskin-Robbins products and operate Baskin-Robbins stores in Puerto Rico;

   b. Awarding Wometco PR damages against DD LLC for impairing and terminating without just cause Wometco PR's dealership rights to sell Dunkin' Donut products in Puerto Rico;

    c. Awarding Wometco PR damages against all non DD LLC defendants as a result of their tortious interference with Wometco PR's dealership relationship for the sale of Dunkin' Donuts products in Puerto Rico;

    d. Awarding Wometco PR damages against B-R LLC as a result of B-R LLC's impairment without just cause of Wometco PR's dealership rights for the sale of Baskin-Robbins products in Puerto Rico;

    e. Awarding Wometco PR damages against all non B-R LLC defendants as a result of their tortious interference with Wometco PR's Baskin Robbins' operations at the Combo Units;

    f. Enjoining DD LLC and DD IP Holder from arbitrating against Wometco PR;

    g. Awarding Wometco PR attorney's fees and costs, as well as expert fees, as permitted under Law 75. P.R. Laws Ann. tit. 10, § 278e; and

    h. Awarding any other relief as the Court deems just and proper.

Wometco PR also respectfully requests the Court to issue an order enjoining all defendants from terminating and/or impairing and/or causing the termination or impairment of Wometco PR's right to sell Dunkin' Donuts and Baskin-Robbins products in Puerto Rico. P.R. Laws Ann. tit. 10, § 278b-1.

Respectfully submitted,

HOLLAND & KNIGHT LLP

| | |
|---|---|
| s/Jesus E. Cuza | s/Ina M. Berlingeri |
| JESUS E. CUZA | INA BERLINGERI |
| USDC-PR 206509 | USDC-PR 209306 |
| jesus.cuza@hklaw.com | ina.berlingeri@hklaw.com |
| 701 Brickell Avenue, Suite 3000 | 515 Las Olas Blvd., Suite 1200 |
| Miami, Florida 33131 | Fort Lauderdale, FL 33301 |
| Tel.: (305) 789-7513 | Tel. (954) 468-7827 |
| Fax: (305) 789-7799 | Fax: (954) 463-2030 |